**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

THERESA G.,

                Plaintiff,

    v.                                                                          5:20-CV-362
                                                                             (DJS)

ANDREW M. SAUL, *Commissioner of
Social Security*,

                Defendant.

_____

**APPEARANCES:**                                                            **OF COUNSEL:**

CHERMOL & FISHMAN, LLC                                    DAVID F. CHERMOL, ESQ.
Attorney for Plaintiff
11450 Bustleton Avenue
Philadelphia, PA 19116

U.S. SOCIAL SECURITY ADMIN.                             HUGH DUN RAPPAPORT, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, MA 02203

**DANIEL J. STEWART
United States Magistrate Judge**

## DECISION AND ORDER

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. On April 19, 2021, this Court issued a Memorandum-Decision and Order ("MDO") affirming the Commissioner's decision. Dkt. No. 20. Judgment was then entered dismissing the Complaint. Dkt. No. 21. Plaintiff now moves for reconsideration

under FED. R. CIV. P. 59(e).  Dkt. No. 22.  Defendant opposes the Motion.  Dkt. No. 23.  For the reasons that follow, the Motion is denied.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Lasher v. Comm'r of Soc. Sec.*, 2012 WL 4511284, at *3 (N.D.N.Y. Oct. 1, 2012) (applying same standard to Rule 59(e) motion).  "Reconsideration of a court's judgment pursuant to 59(e) is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *Stewart Park & Rsrv. Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting *USA Certified Merchants, LLC v. Koebel*, 273 F.Supp.2d 501, 503 (S.D.N.Y.2003)).  As such "[t]he standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court 'overlooked' and that might 'reasonably be expected to alter the conclusion reached by the court.'"  *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader v. CSX Transp., Inc.*, 70

2

F.3d at 257.  "Further, a motion for reconsideration may not be used for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Cambridge Valley Machining, Inc. v. Hudson MFG LLC*, 2020 WL 5878444, at *2 (N.D.N.Y. Oct. 2, 2020)  (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotations omitted).

Reconsideration is denied because Plaintiff's Motion clearly seeks simply to relitigate the merits of her claims.  *See* Dkt. No. 22.  The issues raised in the Motion, Plaintiff's history of hospitalizations and her need for regular bathroom access were briefed extensively by Plaintiff in her original submissions.  Dkt. No. 13 at pp. 14-21.  As noted, reconsideration is not a proper basis for seeking a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d at 144.  Plaintiff's Motion does not identify any established basis for reconsideration.  She does not allege there has been an intervening change in the law, that new evidence is available, or that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.  "It is the burden of the moving party to demonstrate that the court failed to consider controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might reasonably have led to a different result." *Soto v. Walter*, 2006 WL 1742291, at *2 (N.D.N.Y. June 22, 2006) (internal quotation and citation omitted).  Plaintiff "has not alleged new evidence, or a new rule of law, as a basis for [her] Motion." *Id.*  And while "[i]t is apparent to this Court that [Plaintiff] disagrees with the Court's" prior decision, that alone is no basis for reconsideration.

Plaintiff's Motion incorrectly contends that the Court "did not consider" Plaintiff's history of hospitalization and emergency rooms visits. Dkt. No. 22 at p. 1. The Court's decision did, in fact, specifically discuss the ALJ's consideration of Plaintiff's hospitalization and treatment. MDO at p. 10. This was entirely consistent with the scope of review on a disability appeal which "involves first the determination of whether the ALJ applied the correct legal standards, and second, whether the ALJ's decision is supported by substantial evidence." *Loper v. Barnhart*, 2006 WL 1455480, at *1 (W.D.N.Y. May 9, 2006) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987)). This Court's role is not to substitute its view of the record evidence for that of the ALJ. *Perkins ex rel. J.P. v. Astrue*, 32 F. Supp. 3d 334, 337 (N.D.N.Y. 2012). The Court thus properly considered Plaintiff's history in light of the ALJ's review of that evidence.

Plaintiff also asserts that the Court "ignore[d] the nature of [Plaintiff's] impairments" when it concluded that the ALJ properly accommodated Plaintiff's need to use the bathroom. Dkt. No. 22 at p. 4. In support of this assertion Plaintiff cites two things, neither of which warrants reconsideration. She cites extensive factual documentation regarding the medical conditions that necessitated her need to use the bathroom. *Id.* at p. 3. This evidence was well-established in the record and as the Court noted, the ALJ found them to be impairments that warranted an accommodation. MDO at p. 11. Those impairments were not ignored.

Plaintiff then cites a number of cases, from courts across the country, which support her position that the accommodation identified by the ALJ was insufficient. Dkt. No. 22 at p. 4.  While Plaintiff "cites different caselaw, this does not constitute 'new' law that is sufficient to warrant reconsideration of the court's prior analysis," *Graham v. United States*, 2006 WL 3361752, at *3 (D. Conn. Nov. 16, 2006), particularly since all the cases predate the Court's decision and the filing of Plaintiff's original brief.  In addition, all "of these cases are from another jurisdiction and are not controlling decisions requiring reconsideration." *Callari v. Blackman Plumbing Supply*, Inc., 988 F. Supp. 2d 261, 290 (E.D.N.Y. 2013).

For these reasons, "[t]he Court concludes that Plaintiff failed to meet the high standard required to justify reconsideration." *McFadden v. Annucci*, 2018 WL 6171712, at *2 (W.D.N.Y. Nov. 26, 2018*); see also Marano v. Metro. Museum of Art*, 2020 WL 4735117, at *2 (S.D.N.Y. Aug. 14, 2020) (noting the "high standard required for a motion for reconsideration").  The Motion, therefore, is denied.

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Reconsideration is **DENIED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Decision and

Order on the parties.

Dated: June 4, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge